3035994-LRB/SRS                                                           No. 6289100

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DIANE WILLIS,                              )
                                           )
                    Plaintiff,             )
         v.                                )        No. 18-cv-00321
                                           )
PANERA, LLC, a Foreign Corporation,        )        Hon. Andrea R. Wood
                                           )
                    Defendants.            )

### DEFENDANT PANERA LLC'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT AT LAW

NOW COMES the Defendant, PANERA, LLC, by and through its attorneys, Lew R.C. Bricker, Sara R. Strom, and SmithAmundsen LLC, and in Answer to the Plaintiff's Complaint at Law, states as follows:

1.      On April 23, 2017, the plaintiff was a customer at a Panera restaurant located at 1199 Wilmette Avenue, Wilmette, County of Cook, Illinois.

**ANSWER:**      **Defendant admits that the plaintiff was lawfully on the premises of the above-referenced Panera café on April 23, 2017. Defendant denies any remaining allegations of Paragraph 1 of Plaintiff's Complaint at Law and each of them.**

2.      On April 23, 2017, the defendant, PANERA, LLC, was a Foreign Corporation doing business in Cook County, Illinois.

**ANSWER:**      **Defendant admits that PANERA, LLC was a foreign limited liability company doing business in Cook County, Illinois.**

3.      On April 23, 2017, the defendant, PANERA PARTNERS, LLC, was an Illinois Corporation doing business in Cook County, Illinois.

**ANSWER:**      **Upon information and belief, Defendant admits that Panera Partners, LLC appears to be an Illinois corporation. Defendant is without sufficient**

information to either admit or deny whether Panera Partners, LLC does business in Cook County, Illinois. Defendant specifically states that PANERA PARTNERS, LLC is in no way affiliated with PANERA, LLC or the café at issue, or the incident which is the subject of this litigation.

4.    On April 23, 2017, defendant, PANERA, LLC, owned, operated, managed, maintained and controlled a restaurant facility located at 1199 Wilmette Avenue, Wilmette, Cook County, Illinois, commonly known as PANERA.

**ANSWER:    Defendant admits the allegations of Paragraph 4 of Plaintiff's Complaint at Law.**

5.    On April 23, 2017, defendant, PANERA PARTNERS, LLC, owned, operated, managed, maintained and controlled a restaurant facility located at 1199 Wilmette Avenue, Wilmette, Cook County, Illinois, commonly known as PANERA.

**ANSWER:    Defendant denies the allegations of Paragraph 5 of Plaintiff's Complaint at Law and each of them.**

6.    On and for some time before April 23, 2017, the defendants, PANERA, LLC, a Foreign Corporation, and PANERA PARTNERS, LLC, an Illinois Corporation, and each of them, provided chairs to customers and people for use at the aforesaid stated restaurant.

**ANSWER:    Defendant PANERA, LLC admits that it provided chairs in the subject café for use by its customers and others lawfully on the premises. Defendant denies the remaining allegations of Paragraph 6 of Plaintiff's Complaint at Law and each of them.**

7.    On April 23, 2017, the plaintiff, DIANE WILLIS, was a customer at the aforesaid restaurant and selected a chair to use for sitting.

**ANSWER:    Defendant admits that the plaintiff was lawfully on the premises of the subject café and presumably selected a chair to use. Defendant denies any remaining allegations of Paragraph 7 of Plaintiff's Complaint at Law and each of them.**

8.    On and for some time before April 23, 2017, there existed a defective condition in the chair selected and used by the plaintiff, DIANE WILLIS.

**ANSWER:    Defendant denies the allegations contained in Paragraph 8 of Plaintiff's**

Complaint at Law and each of them.

9. On April 23, 2017, the condition of the chair was in a dangerous and defective condition.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint at Law and each of them.**

10. On April 23, 2017, the defendants, PANERA, LLC., a Foreign Corporation, and PANERA PARTNERS, LLC., an Illinois Corporation, and each of them, knew or reasonably should have known of the existence of the dangerous and defective condition of the chair.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint at Law and each of them.**

11. On April 23, 2017, the plaintiff, DIANE WILLIS, sat on the chair, the chair broke and caused the plaintiff, DIANE WILLIS, to fall.

**ANSWER:** **Defendant admits that the plaintiff fell while attempting to sit on a chair, but denies the remaining allegations of Paragraph 11 of Plaintiff's Complaint at Law and each of them, specifically denying that the plaintiff fell as the result of any negligence of this defendant.**

12. On and before April 23, 2017, the defendants, PANERA, LLC, a Foreign Corporation, and PANERA PARTNERS, LLC, an Illinois Corporation, and each of them, had a duty to maintain the chairs inside the restaurant in a safe condition.

**ANSWER:** **Defendant states that duties arise by operation of law and not by allegation of the pleader. Defendant, therefore, denies the allegations of Paragraph 12 of Plaintiff's Complaint at Law and each of them.**

13. On and before April 23, 2017, and at all times relevant to this claim, the defendants, PANERA, LLC, a Foreign Corporation, and PANERA PARTNERS, LLC, an Illinois Corporation, and each of them, were negligent in one or more of the following ways:

a. Allowed the restaurant's chairs to remain in an unsafe condition.

b. Improperly inspected the restaurant's chairs.

     c.      Inadequately inspected the restaurant's chairs.

     d.      Failed to warn of the dangerous and defective condition of the restaurant's chairs when defendants knew or reasonably should have known that warnings were necessary to prevent injury to people using the restaurant's chairs.

     e.      Chose to not implement a systematic routine inspection program to insure the restaurant's chairs were in a safe condition.

     f.      Failed to maintain the restaurant's chairs in a reasonable and safe manner.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint at Law, including subparagraphs (a) through (f), and each of them.**

14.    As a proximate result of the aforesaid negligent acts and/or omissions of the defendants, PANERA, LLC, a Foreign Corporation, and PANERA PARTNERS, LLC, an Illinois Corporation, and each of them, the plaintiff, DIANE WILLIS, was injured and suffered damages of a personal and pecuniary nature.

**ANSWER:**    **Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint at Law and each of them.**

WHEREFORE, Defendant, PANERA, LLC, denies that the plaintiff is entitled to judgment in any sum and prays that the within suit be dismissed with prejudice with the costs of the suit taxed to the plaintiff.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, PANERA, LLC, by and through its attorneys, Lew R.C. Bricker, Sara R. Strom, and SmithAmundsen LLC, and for its Affirmative Defenses to Plaintiff's Complaint at Law, states as follows:

## FIRST AFFIRMATIVE DEFENSE

Defendants did not have actual or constructive notice of the dangerous condition which is

alleged to have existed in Plaintiff's Complaint or a sufficient period of time prior to the alleged injury to have taken measures to protect against the condition; and therefore, Defendant is not liable for any of the alleged damages, if any.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

At the time and place complained of in Plaintiff's Complaint at Law, the plaintiff committed one or more of the following acts of contributory negligence which were the cause or sole cause of her injuries and damages:

a.     Failed to exercise due care and keep a proper lookout for her own safety;

b.     Failed to exercise caution or prudence in the café to avoid said accident; and

c.     Failed to use the alleged chair with due care.

As a direct and proximate result of the foregoing, plaintiff's resulting injuries, if any, complained of were directly and proximately contributed to, and caused by, the fault, carelessness, and negligence of Plaintiff. In the event that the plaintiff's conduct is determined to have exceeded 50% of the proximate cause of the plaintiff's alleged injuries and damages, then the plaintiff will barred from any recovery; moreover, in the event that the plaintiff's conduct is determined to have been 50% or less of the proximate cause of the plaintiff's alleged injuries and damages, then plaintiff's recovery must be proportionately reduced.

WHEREFORE the Defendant, PANERA, LLC, denies that Plaintiff is entitled to judgment in any sum and prays that Plaintiff's Complaint at Law be dismissed with prejudice with the costs of the suit taxed to the plaintiff. Defendants further pray that if the trier of fact finds in favor of the plaintiff and against the Defendants on the question of liability, that any award of damages to the plaintiff be reduced or barred commensurate with that degree of contributory negligence attributable to the plaintiff in causing her own injuries.

\*        Defendant demands a trial by jury.

Respectfully Submitted,
SmithAmundsen LLC


s/ Sara R. Strom
Sara R. Strom (ARDC No. 6317969)
Attorney for Defendant Panera, LLC

Lew R.C. Bricker
Sara R. Strom
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, IL 60601
Telephone:       (312) 894-3200
Fax:                 (312) 894-3210
E-Mail:           sstrom@salawus.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 19th day of February, 2018, she served **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint at Law** on All Attorneys of Record:

Motherway & Napleton, LLP
Daniel T. Madigan
140 S. Dearborn Street, Suite 1500
Chicago, IL 60603

These pleadings were served upon the attorneys as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]     Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: <u>February 19, 2018.</u>

<u>/s/ Sara R. Strom</u>

Lew R.C. Bricker
Sara R. Strom
Attorneys for Defendant
SMITHAMUNDSEN LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601